United States Court of Appeals,

Fifth Circuit.

No. 96-20544

Summary Calendar.

John Jay LAUGHLIN, Plaintiff-Appellant,

v.

J.H. OLSZEWSKI;  The City of Houston, Defendants-Appellees.

Dec. 30, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff John Jay Laughlin filed this civil rights action against J.H. Olszewski and the City of Houston under 42 U.S.C. § 1983, alleging violations of his rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  The district court granted summary judgment in favor of the defendants, and Laughlin appeals.  Because Laughlin has failed to allege a constitutional violation, we affirm.

Laughlin and David G. Wallace were both officers and shareholders of several corporations bearing the name "Ameristar."  Wallace hired Olszewski, a twenty-five year veteran of the Houston Police Department, to provide security during the removal of Laughlin as an officer and employee of Ameristar.  Wallace told Olszewski that Laughlin would be voted out at a meeting of the board of directors and would be given a trespass warning not to return to Ameristar.  At some point, Wallace intimated that Laughlin's removal was the subject of litigation, although there was no pending litigation at that time.

Wallace, Kenneth James Swieter, and Kenneth J. Menges conducted the board meeting at the offices of Ameristar's legal counsel and informed Laughlin that he had been removed as an officer and employee of Ameristar.  Menges then warned Laughlin that he would be arrested if he returned to

1

Ameristar's offices.

Laughlin disregarded Menges' warning and immediately returned to Ameristar where he encountered Olszewski. Olszewski identified himself as a City of Houston police officer, informed Laughlin that he was trespassing, and warned him that he would be arrested if he did not leave. Although Laughlin protested that he was legally entitled to remain on the premises, Olszewski ordered Laughlin to leave immediately and did not allow him to retrieve his personal property from his office. Prior to the encounter, Wallace had told Olszewski that all of Laughlin's belongings had already been packed and mailed to Laughlin at his home.

Laughlin left thei did not touch Laughlin, did not reach for his sidearm, did not place Laughlin in handcuffs, and did not tell Laughlin at any time that he was under arrest.

Laughlin alleges that after he left the premises, employees of Ameristar ransacked his office, stealing and destroying his personal property. Laughlin does not, however, allege that Olszewski participated in or knew about these actions.

Laughlin brought this suit against Olszewski and the City of Houston under § 1983,[1] alleging that Olszewski violated his constitutional rights by arresting him and seizing his personal property

---

[1]Section 1983 imposes liability on any person who violates the Constitution or laws of the United States while acting "under color of any statute, ordinance, regulation, custom, or usage of any state or territory." In *United States v. Classic,* the Supreme Court stated that the use of power "possessed by virtue of state law and made possible only because the [officer] is clothed with the authority of state law, is action taken "under color of" state law." 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). Whether a police officer is acting under color of law does not depend on his on-or off-duty status at the time of the alleged violation. *United States v. Tarpley,* 945 F.2d 806, 809 (5th Cir.1991), *cert. denied,* 504 U.S. 917, 112 S.Ct. 1960, 118 L.Ed.2d 562 (1992). Although Olszewski was employed by Ameristar at the time of the incident at issue, he identified himself to Laughlin as a City of Houston police officer and threatened to use the authority conveyed to him by virtue of his status to arrest Laughlin if he did not vacate the premises. Moreover, under Texas law, a police officer's "off-duty" status is not a limitation upon the discharge of police authority in the presence of criminal activity. *Wood v. State,* 486 S.W.2d 771, 774 (Tex.Crim.App.1972, no writ); *see also City of Dallas v. Half Price Books, Records, Magazines, Inc.,* 883 S.W.2d 374, 377 (Tex.App.—Dallas 1994, no writ) (off-duty police officer who observes crime immediately becomes on-duty police officer). Therefore, Olszewski acted "under color of" state law for the purposes of § 1983.

without probable cause.[2] The district court granted summary judgment in favor of Olszewski and the City of Houston because (1) Laughlin was not arrested; (2) Olszewski would have had probable cause to arrest Laughlin if Laughlin had remained on the premises; (3) Olszewski was protected from suit under § 1983 by qualified immunity; and (4) Laughlin failed to demonstrate that the City of Houston's policies resulted in any constitutional deprivation as required under § 1983. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

We review the district court's grant of summary judgment *de novo. Lee v. Wal-Mart Stores, Inc.,* 34 F.3d 285, 288 (5th Cir.1994). Summary judgment is appropriate where the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.,* 66 F.3d 89, 92 (5th Cir.1995).

Laughlin first asserts that the district court erred in holding that there was no arrest where Laughlin was at all times free to leave the premises. Specifically, Laughlin argues that mere submission to a "show of authority" by a police officer is sufficient to constitute an arrest. *See California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991) (holding that "[a]n arrest requires *either* physical force ... *or,* where that is absent, *submission* to the assertion of authority") (emphasis in original); *Malina v. Gonzales,* 994 F.2d 1121, 1126 (5th Cir.1993) (finding that defendant's use of flashing red light to stop plaintiff on interstate was seizure by use of show of authority). We disagree. While Laughlin is correct that law enforcement officials may effect an arrest by means of a "show of authority" without exerting physical force, "[a]s a legal term of art,

---

[2]In his complaint, Laughlin asserts violations of the Fifth, Eighth, and Fourteenth Amendments. The district court correctly held that Laughlin's Eighth Amendment claims fail because he was never actually prosecuted for trespass, and Laughlin does not challenge this holding on appeal. Laughlin's due process claims under the Fifth and Fourteenth Amendments are predicated on violations of the Fourth Amendment's prohibition of unlawful seizure, although Laughlin nowhere expressly invokes the Fourth Amendment as a basis for § 1983 liability.

... "show of authority' has the meaning given it by [*Michigan v.*] *Chesternut*[, 486 U.S. 567, 573, 108 S.Ct. 1975, 1979, 100 L.Ed.2d 565 (1988) ]: there is a show of authority by an officer if, but only if, a reasonable person believes he is not free to leave." *United States v. Valdiosera-Godinez,* 932 F.2d 1093, 1099 n. 2 (5th Cir.1991), *cert. denied,* 508 U.S. 921, 113 S.Ct. 2369, 124 L.Ed.2d 275 (1993). Laughlin was not only free to leave; he was told he would be arrested if he did *not* leave. The district court did not err in finding that there was no arrest where Laughlin was neither detained by Olszewski, nor believed he was being so detained.

Although the district court did not expressly address the contention, Laughlin asserted below and asserts again on appeal that Olszewski effected an illegal seizure when he refused to allow Laughlin to retrieve his personal property from his office, thereby allowing his former business partners to steal and destroy his private files. Again, we disagree.

A seizure under the Fourth Amendment requires an intentional acquisition of physical control. *Brower v. County of Inyo,* 489 U.S. 593, 596, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989). While a seizure can occur where the specific object taken or detained is unintentional, the detention or taking itself must be willful. "This is implicit in the word "seizure,' which can hardly be applied to an unknowing act." *Id.* Olszewski stated in his deposition testimony that Wallace assured him that Laughlin's personal property had already been packed up and sent to his residence. Laughlin offers no evidence to show that Olszewski otherwise knew that Laughlin's property was still in his office. Therefore, from Olszewski's perspective, there was nothing to take or detain; any interference with Laughlin's possessory interests in his property was a wholly unintentional consequence of his otherwise lawful act of expelling Laughlin from the premises. *See id.* ("[T]he Fourth Amendment addresses "misuse of power,' [citation omitted], not the accidental effects of otherwise lawful government conduct."). We therefore find no "seizure" within the purview of the Fourth Amendment.[3]

---

[3]We do not reach the question of whether Olszewski had probable cause to arrest Laughlin or seize his property where no such arrest or seizure occurred.

The district court properly found that Olszewski was entitled to qualified immunity. An official's conduct is protected by qualified immunity if it was objectively reasonable in light of legal rules that were clearly established at the time of action. *Hale v. Townley,* 45 F.3d 914, 919 (5th Cir.1995). The threshold inquiry in examining a defendant's claim of qualified immunity is a purely legal one—whether the plaintiff "allege[d] the violation of a clearly established constitutional right." *Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Because we agree with the district court that under the facts alleged, Laughlin was not "arrested" and his property was not "seized," he has failed to demonstrate a constitutional violation at all, let alone a violation of a right that was clearly established at the time of Olszewski's actions.

Furthermore, although the City of Houston does not similarly enjoy qualified immunity, *see Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673 (1980) (holding no good-faith immunity for municipalities), Laughlin has failed to demonstrate a violation of a constitutional right for which the City of Houston may be held accountable under § 1983.[4] The judgment of the district court granting summary judgment in favor of the defendants is AFFIRMED.

---

[4]In the absence of a constitutional violation, Laughlin's contention that the City of Houston's policy concerning "extra employment" contributed to the alleged constitutional violation is moot.