**Vernon L. BAKER, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant.**

**No. CIV. A. H–99–3774.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 1, 2001.

838

Sheila Beth Owsley, Houston, TX, for Plaintiff.

Linda Cooper Schoonmaker, Houston, TX, for Defendant.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

This employment discrimination case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 17] filed by Defendant Union Pacific Railroad Company ("Union Pacific"). Plaintiff Vernon L. Baker has failed to respond to Defendant's Motion.[1] Based on the Court's careful review of the full record and the application of governing legal authorities, the Court **grants** Defendant's Motion.

## I. FACTUAL BACKGROUND

Plaintiff, an African–American male, was a machinist for Union Pacific in Houston, Texas. Paul E. Jones, Plaintiff's white supervisor, reported that Plaintiff had threatened him in the company parking lot. Plaintiff denied Jones's claim that he engaged in this misconduct. Plaintiff was charged with violating Rule 1.6 of Defendant's General Code of Operating Rules, which provides that an employee must not be quarrelsome.

In accordance with the collective bargaining agreement ("CBA") between Un-

ion Pacific and Plaintiff's Union, a formal investigation, including an evidentiary hearing, was conducted by Larry Guillory. Witnesses were questioned during the hearing by Guillory and by Plaintiff's Union representative. Jones and Plaintiff also submitted written statements in connection with the investigation. At the conclusion of the investigation, Guillory determined that Jones's testimony was credible. Guillory so advised Plaintiff in a letter dated April 24, 1998.

Plaintiff appealed Guillory's decision in accordance with the CBA and the Railway Labor Act, and the appeal was submitted to a Public Law Board for final and binding arbitration. The Public Law Board upheld Union Pacific's decision to terminate Plaintiff's employment.

Plaintiff filed this lawsuit in October 1999. In his Complaint [Doc. # 1], Plaintiff alleges that Union Pacific discriminated against him on the basis of his race in violation of Title VII and 42 U.S.C. § 1981. Plaintiff also alleges that Union Pacific retaliated against him in violation of Title VII and § 1981. After a full opportunity for the parties to complete discovery, Defendant moved for summary judgment. The Motion is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 is an integral part of the Federal Rules of Civil Procedure, recognizing a party's right to demonstrate that certain claims have no factual basis and to have those unsupported claims disposed of prior to trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

---

1. Local Rule 7.3 provides that opposed motions are submitted to the judge "twenty days from filing without notice from the clerk and without appearance by counsel." Local Rule 7.4 provides that failure to respond by the submission date "will be taken as a representation of no opposition." The Court's decision in this case is not, however, based on the application of Local Rule 7.4.

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc* ).

■ " 'Material facts' are those facts 'that might affect the outcome of the suit under the governing law.' " *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir.1998) (quoting *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The facts are to be reviewed with all "justifiable inferences" drawn in favor of the party opposing the motion. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir.1996).

Once the movant shows that there are no genuine issues of material fact, the burden is on the nonmovant to demonstrate with "significant probative evidence" that there is an issue of material fact warranting a trial. *Texas Manufactured Housing Ass'n v. Nederland*, 101 F.3d 1095, 1099 (5th Cir.1996), *cert. denied*, 521 U.S. 1112, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). The nonmovant's burden can-

not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Doe v. Dallas Independent School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998); *Little*, 37 F.3d at 1075.

It is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n. 30 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). In the absence of proof, the Court will not assume that the nonmovant could or would prove the necessary facts. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *revised on other grounds on denial of reh'g*, 70 F.3d 26 (5th Cir.1995); *Little*, 37 F.3d at 1075.

### III. TIMELINESS OF PLAINTIFF'S CHARGE OF DISCRIMINATION

■ Title VII provides a 300–day deadline for filing charges of discrimination in states such as Texas which have a state agency with authority similar to that of the Equal Employment Opportunity Commission ("EEOC"). *See Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir.1998). The Fifth Circuit has held that "Congress intended the limitations period contained in § 2000e–5(e)(1) to act as a statute of limitations." *Webb v. Cardiothoracic Surgery Associates*, 139 F.3d 532, 537 (5th Cir. 1998).[2]

■ The time period begins to run from the time the employee "knows or reasonably should have known that the challenged act has occurred." *See Vadie v.*

---

**2.** Defendant argues that Plaintiff's race discrimination and retaliation claims under Title VII are time-barred. A Texas plaintiff asserting a violation of 42 U.S.C. § 1981 must file suit within two years. *See Byers v. Dallas*

*Morning News,* 209 F.3d 419, 424 (5th Cir. 2000). Defendant has not raised the statute of limitations as a defense to Plaintiff's § 1981 claim.

*Mississippi State University,* 218 F.3d 365, 370 (5th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 859, 148 L.Ed.2d 772 (2001). In *Delaware State College v. Ricks,* 449 U.S. 250, 258–59, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the United States Supreme Court held that the limitations period under Title VII starts to run on the date the discriminatory act occurs. In *Ricks,* the Supreme Court specifically rejected the argument that the limitations period does not begin to run until a challenge to an adverse employment decision has ended. *See id.* at 261, 101 S.Ct. 498 ("entertaining a grievance … does not suggest that the earlier decision was in any respect tentative" and "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period"). The Fifth Circuit has similarly focused on the date that the plaintiff knew of the discriminatory act. *See Merrill v. Southern Methodist University,* 806 F.2d 600, 605 (5th Cir.1986) (180 day limitations period of 42 U.S.C. § 2000e–5(e) begins to run when a plaintiff knows or reasonably should know that the discriminatory act has occurred, not when he first perceives that a discriminatory motive caused the act).

The undisputed evidence in this case establishes that Plaintiff stopped working for Union Pacific and Union Pacific stopped paying Plaintiff in March 1998. *See* Baker Deposition, Exh. B to Motion, at 66–67, 115. Defendant advised Plaintiff in writing by letter dated April 24, 1998, that Plaintiff was being "assessed Level 5

discipline, which results in permanent dismissal." *See* Letter, attached to Affidavit of Larry Guillory, Exh. A to Motion.

Plaintiff did not file his Charge of Discrimination until May 20, 1999, more than 300 days after he stopped working for Defendant and received written notice that he was being permanently dismissed from his employment.[3] In this May 1999 Charge of Discrimination, Plaintiff claimed only that he was discriminated against on the basis of his race. *See* Charge of Discrimination dated May 20, 1999, attached to Exh. B to Motion. It was not until September 30, 1999, that Plaintiff filed a second Charge of Discrimination claiming that his discharge was retaliatory. *See* Charge of Discrimination dated September 30, 1999, attached to Exh. B to Motion.

■ Plaintiff's Charges of Discrimination were filed more than 300 days after he knew or reasonably should have known that his employment was being terminated based on the alleged violation of Rule 1.6. As a result, Plaintiff's claims under Title VII for race discrimination and retaliation are time-barred. Notwithstanding the Court's conclusion that these claims are clearly time-barred, the Court will address each of Plaintiff's claims on its merits.

## IV. *DISCRIMINATION CLAIMS UNDER TITLE VII AND § 1981*

### A. *Analytical Framework for Employment Discrimination Claims*

■ Under the familiar standard governing race discrimination cases under Title VII and § 1981,[4] to preclude summary

3. Plaintiff stated in the Charge of Discrimination that the date of discrimination was December 14, 1998, and stated in his Complaint that his termination occurred on December 2, 1998. The uncontroverted evidence in this record establishes, however, that Plaintiff was advised of the disciplinary discharge by letter dated April 24, 1998, and that Plaintiff sought

and obtained another job during the summer of 1998. *See* Baker Deposition, Exh. B to Motion, at 68.

4. Plaintiff's allegations in support of his Title VII claim and his § 1981 claim are the same. As a result, the claims are parallel causes of action which require the same proof to estab-

judgment a plaintiff must make a *prima facie* showing that his employer intentionally discriminated against him on the basis of race. *See, e.g., Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 434 (5th Cir. 1995). "Once that showing has been made, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment action." *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 45, 148 L.Ed.2d 15 (2000). "The burden of persuasion, however, remains at all times with the plaintiff." *Id.* Where, as here, the Defendant on a motion for summary judgment articulates and presents evidence of its non-discriminatory reason for the adverse employment action, the Court need not decide whether Plaintiff has established a *prima facie* case. *See Britt v. Grocers Supply Company, Inc.*, 978 F.2d 1441, 1450 (5th Cir.1992), *cert. denied,* 508 U.S. 960, 113 S.Ct. 2929, 124 L.Ed.2d 679 (1993).

■■ Once the employer articulates a legitimate, nondiscriminatory explanation for its employment decision, "the plaintiff must then demonstrate that the reason articulated by the employer was pretextual, meaning a pretext for discrimination, per se." *Munoz*, 200 F.3d at 299. In order to preclude a grant of summary judgment, the plaintiff must produce sufficient factual evidence to permit a rational trier of fact to find that the employer's explanation for its decision is a pretext and that unlawful discrimination was the real motivation. *See Lawrence v. University of Texas Medical Branch*, 163 F.3d 309, 312–13 (5th Cir.1999); *Baltazor v. Holmes*, 162 F.3d 368, 373 (5th Cir.1998).

lish liability. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n. 2 (5th

■ In employment discrimination cases, proof of a *prima facie* case together with strong evidence demonstrating that the defendant's asserted justification is false may support a claim of unlawful discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000); *see also Russell v. McKinney Hospital Venture*, 235 F.3d 219, 223 (5th Cir.2000). Such a showing, however, does *not always* satisfy a plaintiff's burden. *Id.* The Fifth Circuit continues to review the record on summary judgment to determine whether there is sufficient evidence of discriminatory intent to support a jury verdict in plaintiff's favor. *See Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000) ("The ultimate determination, in every case, is whether, viewing all of the evidence in the light most favorable to the plaintiff, a reasonable factfinder could infer discrimination"); *Rubinstein v. Administrators of Tulane Educational Fund*, 218 F.3d 392, 400 (5th Cir.) (plaintiff failed to meet his burden of producing *evidence* of discrimination sufficient to survive summary judgment when his evidence of pretext was not adequately persuasive "to support an inference that the real reason was discrimination"), *reh'g denied,* 232 F.3d 212 (5th Cir.), *pet. for cert. filed* (Nov. 13, 2000).

■ "The trier of fact may not simply choose to disbelieve the employer's explanation in the absence of any evidence showing why it should do so." *See Swanson v. General Services Admin.*, 110 F.3d 1180, 1185 (5th Cir.), *cert. denied,* 522 U.S. 948, 118 S.Ct. 366, 139 L.Ed.2d 284 (1997). As was true both before and after *Reeves,* a party can avoid summary judgment under Rule 56 only by presenting *evidence*

Cir.1999).

which raises a genuine issue of material fact "such that a reasonable jury could return a verdict for the non-moving party." *See Rubinstein*, 218 F.3d at 399 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). It is "possible for a plaintiff's evidence to permit a tenuous inference of pretext and yet be insufficient to support a reasonable inference of discrimination." *Crawford*, 234 F.3d at 903.

## B. *Decision From Arbitration Proceeding*

 In *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the United States Supreme Court held that federal courts must consider an employee's employment discrimination claim *de novo* even when the material issues have been decided in binding arbitration. *Id.* at 60, 94 S.Ct. 1011. The Supreme Court also held, however, that the "arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate." *Id.; see also Graef v. Chemical Leaman Corp.*, 106 F.3d 112, 116–17 (5th Cir.1997) (reversing district court's decision to exclude evidence of arbitral award). In determining the weight to be given the arbitral decision, the Court considers the following factors: "the existence of provisions in the collective-bargaining agreement that conform substantially with Title VII, the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators." *Alexander*, 415 U.S. at 60 n. 21, 94 S.Ct. 1011; *Graef*, 106 F.3d at 117.

The Court concludes that the arbitral decision in this case should be given some weight. The facts relevant to the pretext issue were presented to the Public Law Board and proper consideration was given to Plaintiff's contention that he did not engage in the alleged misconduct. The pretext issue was primarily "one of fact, specifically addressed by the parties and decided by the arbitrator on the basis of an adequate record." *See id.* The arbitrator's finding that Plaintiff violated Union Pacific's Code of Operating Rules is not dispositive of the pretext issue in this case. It is, however, plainly relevant to that issue because it supports the validity of Defendant's articulated non-discriminatory reason for its decision to terminate Plaintiff's employment. *See Graef*, 106 F.3d at 117.

The Court, while considering the result of the arbitration proceeding as evidence in this case, has reviewed all the evidence in the record *de novo*. It is this full and complete review of the evidence on which the Court bases its decision that Defendant is entitled to summary judgment on Plaintiff's Title VII and § 1981 race discrimination claims.

## C. *Analysis of Plaintiff's Discrimination Claims*

 Defendant has articulated and presented evidence of a legitimate, non-discriminatory reason for its decision to terminate Plaintiff's employment. Specifically, Defendant asserts that Plaintiff threatened his supervisor on company property. Because Defendant has presented its legitimate, non-discriminatory reason for taking the adverse employment action against Plaintiff, the Court need not address whether Plaintiff has presented evidence to establish a *prima facie* case of discrimination on the basis of race. Instead, the Court may proceed directly to the issue of pretext.

 Plaintiff has presented no evidence that Defendant's articulated reason for its decision to terminate Plaintiff's employment was a pretext for discrimination.

Indeed, Plaintiff has not presented evidence that Defendant's explanation was false. Unlike the situation in *Reeves,* in this case there is no evidence that Defendant did not genuinely believe that Plaintiff engaged in the misconduct which formed the basis for his discharge. "The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive." *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1091 (5th Cir.1995). Stated differently, "the inquiry is limited to whether the employer believed the allegation in good faith and whether the decision to discharge the employee was based on that belief." *Waggoner v. City of Garland,* 987 F.2d 1160, 1165–66 (5th Cir.1993).

Additionally, there is not a scintilla of evidence that Plaintiff's race played any role whatsoever in the decision to terminate his employment. Guillory, the individual who conducted Plaintiff's formal investigative hearing and who concluded that Plaintiff had engaged in the alleged misconduct and should be discharged, is also African–American.

Defendant has presented evidence to support its articulated non-discriminatory reason for discharging Plaintiff, a reason found to be valid by a neutral arbitration panel. There is no evidence in this record that Defendant's explanation of its reason for discharging Plaintiff was a pretext for race discrimination and Defendant is entitled to summary judgment on Plaintiff's discrimination claims. *See, e.g., St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Mayberry,* 55 F.3d at 1091.

## V. RETALIATION CLAIM

■ Title VII makes it unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment prac-

tice by this subchapter ...." 42 U.S.C. § 2000e–3(a). Title VII imposes liability where (1) the employee engaged in statutorily protected activity, (2) the employer took adverse employment action against the employee, and (3) a causal connection exists between that protected activity and the adverse employment action. *Douglas v. DynMcDermott Petroleum Operations Co.,* 144 F.3d 364, 372 (5th Cir.1998), *cert. denied,* 525 U.S. 1068, 119 S.Ct. 798, 142 L.Ed.2d 660 (1999); *Sherrod v. American Airlines, Inc.,* 132 F.3d 1112, 1122 n. 8 (5th Cir.1998).

■ To qualify as protected activity, the complaints must relate clearly to discrimination covered by Title VII. *See Winchester v. Galveston Yacht Basin,* 943 F.Supp. 776, 781 (S.D.Tex.1996) (plaintiff failed to show that she engaged in protected activity under Title VII because her letter of complaint regarding her salary did not "indicate that she opposed the pay disparity on gender grounds"), *aff'd,* 119 F.3d 1 (5th Cir.1997). Plaintiff has presented no evidence that he engaged in protected activity under Title VII or § 1981. Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## VI. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Plaintiff has failed to present evidence which raises a genuine issue of material fact in connection with his race discrimination and retaliation claims. As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 17] is **GRANTED.** The Court will issue a separate final judgment.