**REVISED October 14, 2016**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60764

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff - Appellant Cross-Appellee

v.

VICKSBURG HEALTHCARE, L.L.C.,

Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-895

United States Court of Appeals
Fifth Circuit

**FILED**
October 12, 2016

Lyle W. Cayce
Clerk

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Equal Employment Opportunity Commission ("EEOC") appeals the district court's grant of summary judgment in favor of Defendant–Appellee Vicksburg Healthcare, L.L.C., d/b/a Merit Health River Region ("River Region").  The EEOC sued River Region under the Americans

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with Disabilities Act ("ADA") after Beatrice Chambers was terminated from her nursing position while recovering from surgery to repair a torn rotator cuff. The district court ruled that the EEOC's claims were barred under *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 119 S.Ct. 1597 (1999). Despite prevailing below, River Region cross-appeals from an adverse evidentiary ruling.

## I.

Beatrice Chambers worked for several years as a nurse with River Region. In 2011, she tore her rotator cuff, an injury requiring surgery. Chambers underwent the operation and was granted twelve weeks of leave under the Family Medical Leave Act ("FMLA"). As her FMLA leave wound down, Chambers requested a two-week extension. Her supervisor, Sandra Agnone, rejected the request. After Chambers told her physician, Dr. William Porter, that she needed to return to work promptly upon the expiration of her FMLA leave, Dr. Porter provided the necessary release. Dr. Porter stipulated that Chambers was capable only of "light work" requiring "limited use" of her left arm. When additional information was requested, Dr. Porter clarified that Chambers should not lift, pull, or push anything weighing more than ten pounds. After review of these limitations, River Region terminated Chambers because of her injury and concomitant inability to perform at work.

Chambers applied for temporary disability benefits the next day. One claim form was filled out by Chambers, while the other was filled out by a member of Dr. Porter's staff, signed by Dr. Porter, and reviewed by Chambers. The forms are not detailed but indicate that the disability was the result of a rotator cuff tear and subsequent surgery, and also that the recovery date was unknown at the time of submission. With the forms, Chambers represented she was temporarily totally disabled.

The EEOC commenced this action in 2012, alleging that River Region violated the ADA by failing to provide Chambers a reasonable accommodation and by terminating her. After discovery, River Region moved for summary judgment, which the district court granted. The EEOC appeals that grant of summary judgment, and River Region cross-appeals from the district court's decision to strike an exhibit filed with River Region's reply.

## II.

## A.

We review the grant of summary judgment *de novo*, "employing the same criteria used" by the district court. *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996). Summary judgment is warranted "if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).

## B.

As the district court saw it, this case has one key fact: the day after her termination, Chambers filed for disability benefits and, in doing so, represented that she was temporarily totally disabled. Because the ADA protects only individuals "who, with or without accommodation, can perform the essential functions of the employment position that such individual holds or desires," 42 U.S.C. § 12111(8), the district court found Chambers' disability claim problematic. Relying on *Cleveland*, it ruled that the EEOC failed to provide a "sufficient explanation for the contradicting statements" between Chambers' claim of temporary total disability and the EEOC's contention that she was "qualified" for purposes of the ADA.

Under *Cleveland*, "to survive judgment for the employer, a plaintiff must address the apparent inconsistency between 'qualified' for employment under the ADA and 'disabled' for [Social Security disability] benefits." *McClaren v.*

*Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 463 (5th Cir. 2005). *Cleveland* applies in contexts beyond Social Security disability benefits, and applies here, where the benefits claimed are for temporary total disability. "A plaintiff's explanation of the apparent inconsistency must be 'sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless perform the essential functions of her job, with or without reasonable accommodation.'" *Id.* (quoting *Cleveland*, 526 U.S. at 807, 119 S.Ct. at 1604).

Where a claim of total disability "implies a context-related legal conclusion," the necessary "sufficient explanation" can simply be that the claimant could have performed the essential duties of the job if granted a reasonable accommodation. *Cleveland*, 526 U.S. at 795, 806, 119 S.Ct. at 1601, 1603. Thus, in *Giles v. General Electric Co.*, a case involving "no specific [factual] assertions," this Court was satisfied by the plaintiff's contention "that a reasonable accommodation would enable him to work at his old position, despite [his] impairments." 245 F.3d 474, 485 (5th Cir. 2001).

This case is like *Cleveland* and *Giles*. Chambers' claim that she was temporarily totally disabled for the purposes of private disability benefits is not inconsistent with the claim that she could work *if provided an accommodation*. *See Cleveland*, 526 U.S. at 802–03, 119 S.Ct. at 1602 (claims to disability benefits and the protections of the ADA "can comfortably exist side by side" because, for example, the definition of disabled for purposes of disability benefits "does not take the possibility of 'reasonable accommodation' into account"). As the Court observed in *Cleveland*, "an ADA suit claiming that the plaintiff can perform her job *with* reasonable accommodation may well prove consistent with [a disability benefits] claim that the plaintiff could not perform her own job (or other jobs) *without* it." *Id.* at 803, 119 S.Ct. at 1602.

The EEOC bore the burden of providing this explanation to the district court and did so. Specifically, the EEOC cited *Cleveland* when pointing out that the definition of "qualified individual" in the ADA was not incompatible with the definition of "disabled" within the insurance policy, and it further explained that "nothing in the [disability claim forms] indicate that Chambers represented that she was unable to perform the essential functions of her job with or without an accommodation." The district court erred by failing to recognize that, under the circumstances, this explanation sufficed.[1]

## C.

According to River Region, even if *Cleveland* does not bar the EEOC's action, there are other reasons to affirm the judgment in its favor. We "may affirm summary judgment on any basis raised below and supported by the record." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014), as revised (Sept. 18, 2014). Here, however, disputed fact issues prevent us from doing so. We address River Region's alternative arguments only briefly.

**(1)** River Region contends that it twice offered Chambers a reasonable accommodation in the form of clerical work, which offers she ignored or rejected. This first offer was undisputedly made, but made at a time when Chambers was unable to return to work and on FMLA leave. Chambers declined the offer on the advice of her doctor, and River Region does not argue that this initial rejection matters. It instead argues that the offer remained open and that Chambers' failure to later accept constitutes a rejection of a reasonable accommodation. The proposition that the offer survived Chambers'

---

[1] In cases where the claim for disability benefits is supported by specific facts, those factual statements must be explained if they are inconsistent with a claim to be "qualified" under the ADA. *See, e.g.*, *Reed v. Petroleum Helicopters, Inc.*, 218 F.3d 477, 480 (5th Cir. 2000); *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 466 (5th Cir. 2005). This case involves no factual representations that create doubts as to Chambers' ability to work with a reasonable accommodation, and that line of cases is not implicated.

rejection is legally dubious. In any event, as the EEOC has shown, the conduct of the parties around the time of Chambers' termination is circumstantial evidence that there was no known offer to take a light-duty clerical position. Meanwhile, River Region has provided no affirmative evidence that the offer somehow remained outstanding. The alleged second offer fares no better for the simple reason that, according to evidence presented by the EEOC, it was never made. At this stage, we must credit the EEOC's evidence. *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997).

**(2)** River Region contends that Chambers never requested light duty as a reasonable accommodation. This argument is meritless. When requesting a special accommodation, "[s]pecial words, like 'reasonable accommodation,' need not be uttered." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 481 (5th Cir. 2016). Rather, "[t]he employee must explain that the adjustment in working conditions or duties she is seeking is for a medical condition-related reason." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009).

Here, Chambers presented doctor's certifications clearing her to work with restrictions. The first of these forms indicated a "Light Work" restriction. The second elaborated: "No lifting, no pulling, no pushing anything greater than 10 pounds." These forms were submitted to River Region. A jury could reasonably view them as a request for a light-duty accommodation. *See Chevron Phillips Chem. Co.*, 570 F.3d at 621.

**(3)** Assuming the request for light duty was made, River Region contends that light duty was inconsistent with the "essential functions" of Chambers' duties. More specifically, River Region contends that lifting or pushing more than ten pounds are essential functions of Chambers' job. At the outset, we note that this argument is hard to square with River Region's claims that it

could have and would have accommodated Chambers by giving her clerical work during her recovery. In any event, fact issues preclude summary judgment.

It is undisputed that Chambers could not safely lift or push more than ten pounds at the time in question. If such tasks represent "essential functions" of her nursing duties, the ADA would offer her no protections. *See* 42 U.S.C. §§ 12111(8), 12112(a). "Fact-finders must determine whether a function is 'essential' on a case-by-case basis." *LHC Grp., Inc.*, 773 F.3d at 698. Chambers testified she couldn't "remember having to lift more than 10 pounds" as part of her duties, and her colleague, Lorraine Wilson, has provided a detailed affidavit that, if true, establishes that such exertions are virtually never required. While River Region's witnesses testified to the contrary, this conflict merely establishes an "actual controversy" of fact rendering summary judgment improper. *See Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996). At oral argument, counsel for River Region suggested we reject the EEOC's evidence as self-serving. But this is summary judgment, and we may not weigh the evidence or make credibility determinations. *Heinsohn v. Carabin & Shaw, P.C.*, Case No. 15-50300, 2016 WL 4011160, at *13–14 (5th Cir. July 26, 2016).

River Region also contends that a written job description in this case establishes that the essential functions of Chambers' duties include lifting and pushing more than ten pounds. While written job descriptions warrant deference, "this deference is not absolute," and we must ask "'whether the employer actually requires employees in the position to perform the functions that the employer asserts are essential.'" *LHC Grp. Inc.*, 773 F.3d at 697–98 (quoting Interpretive Guidance on Title I of the Americans With Disabilities Act, 29 C.F.R. pt. 1630, app. § 1630.2(n)). *LHC Group* demonstrates that, consistent with ordinary rules governing summary judgment, a written job

description is not given dispositive weight in the face of contrary evidence. Summary judgment on this basis would be improper.

**(4)** Based on the foregoing, summary judgment was improper. The parties have also briefed and argued questions relating to Chambers' request for two-week leave as an alternative reasonable accommodation. We need not reach these issues and decline to do so.

## III.

River Region's cross-appeal merits little attention. In seeking summary judgment, River Region attempted to introduce a report from the EEOC's expert witness Bruce Brawner regarding the essential functions of Chambers' duties. We have authority to correct only prejudicial errors. *See* Fed. R. Civ. P. 61. The expert report at issue only deepens the factual dispute regarding the essential functions of Chambers' duties. River Region has not been harmed by the district court's refusal to consider the evidence, and there is no basis to reverse the ruling. As the EEOC acknowledges, River Region remains free to introduce the evidence in subsequent proceedings.

## IV.

Chambers' claim to temporary total disability, made the day after she was terminated from her job because of a disability, does not prevent her from contending that she was able to work if granted a reasonable accommodation. The district court's contrary conclusion was incorrect. Further, this record contains no alternative basis for affirming that court's judgment. The judgment is REVERSED and the case REMANDED for further proceedings.