UNITED STATES of America, Plaintiff,

v.

TWELVE FIREARMS, Defendants.

No. Civ.A. H–97–295.

United States District Court,
S.D. Texas,
Houston Division.

April 2, 1998.

Michael Brody Kusin, Office of U.S. Attorney, Houston, TX, for U.S.

Raza Husain, Houston, TX, pro se.

### AMENDED MEMORANDUM OPINION AND ORDER

ATLAS, District Judge.

Pending before the Court in this forfeiture action are the United States' Motion for Summary Judgment [Doc. # 9] and Claimant Raza Husain's Motion to Dismiss the Complaint for Lack of Jurisdiction over the Subject Matter [Doc. # 12]. The Court has considered the Motions, Claimant's "Motion in Opposition to United States' Motion for Summary Judgment" (construed as a "Response" to the summary judgment motion) [Doc. # 12], the United States' Reply [Doc. # 13], all other matters of record in this case, and the relevant authorities. For the following reasons, the United States' Motion is **GRANTED**, and Claimant's Motion is **DENIED**.

### I. FACTUAL BACKGROUND

In early 1996, the Bureau of Alcohol, Tobacco, and Firearms ("ATF") conducted an investigation of Abdelhady Abdelhady, a suspected international machine gun smuggler. *See* Affidavit of Special Agent Kirk G. Tinker, Exhibit B to United States' Motion for Summary Judgment, at 1. On March 6, 1996, the ATF arrested Abdelhady for attempting to make an illegal sale of fully automatic SKS rifles to an undercover ATF agent. *See id.* at 2. The next day, Abdelhady told ATF agents that he had obtained the SKS rifles from a man named "Raza." *See id.* A search of weapons manufacturers revealed that some of the SKS rifles seized from Abdelhady had previously been in the possession of Raza Husain, a licensed firearms dealer. *See id.*

Based on the information obtained from its investigation of Abdelhady, which suggested that Husain had illegally sold or delivered machine guns without making proper records as required by 18 U.S.C. § 923(g)(1)(A), the

ATF obtained a warrant to search Husain's business premises. *See id.* at 3. On April 11, 1996, the ATF conducted the search and seized from Husain's premises twelve unregistered weapons as well as Husain's firearm acquisition and disposition ledgers and ATF forms. *See id.*

In May 1996, the ATF initiated an administrative forfeiture action for the seized firearms. *See* Claimant's Response, at 2. Husain was notified of the forfeiture proceedings through certified mail. *See id.* In addition, notice of the forfeiture was made, as required by 19 U.S.C. § 1607, through advertisements in *U.S.A. Today* on May 16, 23, and 30, 1996. *See id.*

On January 30, 1997, the United States initiated this judicial *in rem* action in order to obtain forfeiture of the seized firearms. *See* Complaint for Forfeiture *In Rem* ("Complaint") [Doc. # 1]. Husain thereafter asserted a claim for the firearms by responding to the complaint and filing a cost bond pursuant to 19 U.S.C. § 1608. *See* Claim for Seized Property [Doc. # 2].

The United States has filed a Motion for Summary Judgment, contending that there is no genuine issue of any material fact necessitating a trial in this action. In support of its Motion, the United States argues that the defendant property is subject to forfeiture because it was not documented as required by federal statute and that the government has complied with all legal requisites for forfeiture.

In response, Claimant Husain raises three issues. First, he argues that this action is untimely and should be dismissed because the government did not initiate its judicial *in rem* forfeiture action within a period of 120 days, which Claimant contends is required by 18 U.S.C. § 924(d)(1). Second, Claimant asserts that summary judgment is inappropriate because there is a factual issue as to whether he was required to maintain records for the seized firearms. Third, Claimant argues that § 924(d)(1) does not permit forfeiture for violations of the recordkeeping requirements with which he allegedly failed to comply.

## II. *SUMMARY JUDGMENT STANDARD*

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Bozé v. Branstetter,* 912 F.2d 801, 804 (5th Cir.1990). The facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. *See Bozé,* 912 F.2d at 804 (citing *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986)). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Laughlin v. Olszewski,* 102 F.3d 190, 193 (5th Cir.1996).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. If the movant meets this initial burden, the burden shifts to the nonmovant to demonstrate with "significant probative evidence" that there is an issue of material fact so as to warrant a trial. *Texas Manufactured Hous. Ass'n v. Nederland,* 101 F.3d 1095, 1099 (5th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997); *Taylor v. Principal Financial Group, Inc.,* 93 F.3d 155, 161 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 586, 136 L.Ed.2d 515 (1996); *Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 718–19 (5th Cir.1995); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.1994).

The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *See Douglass v. United Services Auto. Ass'n,* 65 F.3d 452, 459 (5th Cir.1995), *revised on other grounds,* 79 F.3d 1415 (5th Cir.1996) (en banc); *Little,* 37 F.3d at 1075. In the ab-

sence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir.1995); *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990)). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *See Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548).

## III. *DISCUSSION*

### A. *Timeliness*

■ As a preliminary matter, the Court must determine whether this judicial forfeiture action was initiated in a timely manner. Claimant contends that, under the forfeiture provision at issue here, 18 U.S.C. § 924(d)(1), the United States was required to bring this action within 120 days of the seizure of the defendant firearms and, since it instead filed its Complaint more than nine months after the seizure, this case must be dismissed. The United States argues that the 120–day time limit contained in § 924(d)(1) was satisfied when it initiated the administrative forfeiture proceeding approximately one month after the seizure and that it has complied with the only applicable statutes of limitations, 28 U.S.C. § 2463 and 19 U.S.C. § 1621, which require merely that a judicial forfeiture action be brought within five years of accrual of the claim. The Court agrees with the United States that it satisfied § 924(d)(1) by initiating the administrative forfeiture proceeding within the requisite 120 days and that therefore this judicial action should not be dismissed on the ground of untimeliness.

Section 924(d)(1) provides in relevant part that "[a]ny action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." This provision has been interpreted in only two reported cases.

In *United States v. Twelve Miscellaneous Firearms*, 816 F.Supp. 1316, 1317 (C.D.Ill. 1993), one district court ruled that the phrase "any action or proceeding" in § 924(d)(1) includes administrative proceedings as well as court actions. That court held therefore that, with respect to seizures made pursuant to § 924(d)(1), "a forfeiture action is timely so long as the Plaintiff commences *at least* an administrative action within 120 days of the seizure of the property in question." *See id.* (emphasis added). Thus, under the reasoning of *Twelve Miscellaneous Firearms*, because the United States initiated an administrative forfeiture proceeding a month after the seizure, it satisfied the timing requirement of § 924(d)(1) in the case at bar.

Two years after *Twelve Miscellaneous Firearms* was decided, another district court reached the opposite conclusion. In *United States v. Fourteen Various Firearms*, 889 F.Supp. 875, 877 (E.D.Va.1995), the court agreed with the *Twelve Miscellaneous Firearms* court that the phrase "any action or proceeding" in § 924(d)(1) includes "both administrative and judicial litigation." However, the *Fourteen Various Firearms* court disagreed with the *Twelve Miscellaneous Firearms* court on the meaning of the word "any." It essentially decided that "any" means "every" and that therefore, even if the United States initiates an administrative forfeiture proceeding within 120 days of seizure, if it intends to bring a judicial action as well, it must also initiate that action within 120 days. *See id.* at 878 ("*any* action or proceeding for forfeiture, not just an administrative one, must be commenced within 120 days of seizure"). Under this reasoning, the United States has *not* satisfied the timing requirement of § 924(d)(1) in the case at bar.

This Court adopts the reasoning and result of *Twelve Miscellaneous Firearms;* the logic of *Fourteen Various Firearms* is not persuasive.

In determining the meaning of § 924(d)(1), the Court must "begin with its plain language." *United Services Automobile Assoc. v. Perry*, 102 F.3d 144, 146 (5th Cir.1996). Interpreting "plain meaning requires [the Court] to look not only to the particular statutory language at issue, but also to the

language and design of the statute as a whole." *Id.* at 147 (citation omitted). If the Court concludes that the statutory language is ambiguous, it should construe the statute "to avoid an absurd or unreasonable result." *United States v. Female Juvenile,* 103 F.3d 14, 17 (5th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 83, 139 L.Ed.2d 41 (1996).

The conflicting results of the district courts' opinions in *Twelve Miscellaneous Firearms* and *Fourteen Various Firearms* demonstrate that the meaning of the word "any" in § 924(d)(1) is ambiguous. Thus, this Court must consider the design of the forfeiture statute as a whole and adopt an interpretation that leads to a reasonable result. With these considerations in mind, the Court concludes that the time limitation in § 924(d)(1) merely requires the United States to initiate *either* an administrative forfeiture proceeding *or* a judicial forfeiture action within 120 days of a seizure.

First, as the United States points out in its summary judgment motion, if Congress had intended that the time limit provided in § 924(d)(1) should *always* apply to the filing of a judicial complaint for forfeiture of firearms, even when an administrative proceeding has also been initiated, it could have easily specified so in the statute, as it did in 21 U.S.C. § 888(c) with respect to drug-related forfeitures.[1] However, Congress did not make this intent clear in § 924(d)(1).

Furthermore, an interpretation of § 924(d)(1) that would require the United States to initiate both administrative and judicial forfeiture proceedings within the same brief time period would defeat the purpose of simplified administrative proceedings. As the Supreme Court explained in *United States v. $8,850,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the purpose of administrative forfeiture proceedings is to provide, if possible, a mechanism for the government and private parties to resolve their forfeiture-related disputes without the need for judicial actions. The Supreme Court described the advantages these simplified administrative proceedings typically provide for both the government and private parties:

> An important justification for delaying the initiation of forfeiture proceedings is to see whether the Secretary's decision on the petition for remission will obviate the need for judicial proceedings. This delay can favor both the claimant and the Government. In many cases, the Government's entitlement to the property is clear, and the claimant's only prospect for reacquiring the property is that the Secretary will favorably exercise that discretion and allow remission and mitigation. If the Government were forced to initiate judicial proceedings without regard to administrative proceedings, the claimant would lose this benefit. Further, administrative proceedings are less formal and expensive than judicial forfeiture proceedings. Given the great percentage of successful petitions, allowing the Government to wait for action on administrative petitions eliminates unnecessary and burdensome court proceedings. Finally, a system whereby the judicial proceeding occurs after administrative action spares litigants and the Government from the burden of simultaneously participating in two forums.

*Id.* at 566. *See also United States v. $80,-760.00 in United States Currency,* 781 F.Supp. 462, 465 (N.D.Tex.1991) ("[t]he purpose of summary [administrative] forfeiture is simply to save the government the expense of prosecuting a judicial forfeiture"). If the United States were required to initiate a judicial forfeiture action in addition to an administrative forfeiture proceeding in the same brief time period provided by § 924(d)(1), the purpose behind simplified administrative proceedings would be thwarted.

For these reasons, the Court concludes that the United States satisfied the 120–day requirement of § 924(d)(1) when it initiated an administrative forfeiture proceeding against the defendant property in May 1996. Claimant's Motion to Dismiss this action on

---

1. Section 888(c) provides that "[n]ot later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court." 21 U.S.C. § 888(c).

the ground of untimeliness is therefore denied.

### B. *Recordkeeping Requirements*

Next the Court must consider Claimant's argument that summary judgment is not appropriate here because there is a factual issue as to whether Claimant had a duty to maintain records of the seized firearms.

Claimant does not dispute that 18 U.S.C. § 923(g)(1)(A) requires licensed firearms dealers to maintain records of their receipt and disposition of firearms in their business inventory;[2] nor does he dispute that he failed to maintain records for the defendant firearms pursuant to this statutory provision. However, Claimant contends in his Response that the defendant firearms were his personally owned property, not part of his business inventory, and therefore were not subject to the recordkeeping requirements of § 923(g)(1)(A). Claimant argues that the Court should deny summary judgment for the United States because a jury must determine whether the defendant firearms were business inventory or were instead personally owned property and thus whether he had a legal duty to maintain records for them.

■ The Court rejects Claimant's argument. Even if Claimant is correct that § 923(g)(1)(A) does not apply to personally owned firearms, he has failed to submit any evidence whatsoever to show that the defendant firearms were his personal property and not part of his business inventory. In order to defeat the United States' Motion for Summary Judgment, Claimant has the burden to provide to the Court "significant probative evidence" that there is an issue of material fact so as to warrant a trial. *Texas Manufactured Hous. Ass'n,* 101 F.3d at 1099.[3] As described earlier in the section on the summary judgment standard, the court may not assume, in the absence of any proof, that the nonmovant could or would prove the necessary facts. *See McCallum Highlands,* 66 F.3d at 92. Because Claimant has not submitted any evidence on this issue, he has failed to raise a genuine issue of material fact which would defeat the United States' Motion for Summary Judgment.[4]

2. This section provides that "[e]ach ... licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Secretary may by regulations prescribe." 18 U.S.C. § 923(g)(1)(A).

3. For forfeiture actions, such as this one, that must follow the forfeiture procedures provided under the customs laws, *see* 18 U.S.C. § 924(d), once the government shows probable cause for the forfeiture, the burden of proof rests with the claimant to show that forfeiture is not warranted. *See United States v. Land, Property Currently Recorded in Name of Gerald Franklin Neff,* 960 F.2d 561, 562–63 (5th Cir.1992). Since Claimant in this action would have the burden of proof at trial to show that he did not violate the statutory recordkeeping requirements, he has the burden of coming forward with evidence supporting his argument in response to the United States' summary judgment motion.

4. In its Reply, the United States argues that, even if Claimant is correct that the defendant firearms were his own personal property, he would nevertheless have been required to keep records of those firearms under another statutory provision, 18 U.S.C. § 923(c). That section provides that:

any licensed ... dealer who has maintained a firearm as part of a personal collection for one year and who sells or otherwise disposes of such firearm shall record the description of the firearm in a bound volume, containing the name and place of residence and date of birth of the transferee if the transferee is an individual, or the identity and principal and local place of business of the transferee if the transferee is a corporation or other business entity. 18 U.S.C. § 923(c). Although the United States appears to be correct that Claimant was required to keep records of the firearms no matter whether they were part of his business inventory, under § 923(g)(1)(A), *or* whether they were his own personal property, under § 923(c), *see National Rifle Association v. Brady,* 914 F.2d 475, 482 (4th Cir.1990), the Court does not rely on this provision in granting the United States' Motion for Summary Judgment. In its Complaint, the United States sought forfeiture only on the ground that Claimant failed to keep records as required by § 923(g)(1)(A). *See* Complaint, at 2. Until it filed its Reply, the United States did not raise the argument that forfeiture might also be warranted under § 923(c). The United States did not seek to amend its Complaint to include a claim for forfeiture under § 923(c). Therefore, the Court's decision in favor of the United States on the recordkeeping issue must be based solely on Claimant's failure to raise a genuine issue of material fact regarding the propriety of forfeiture under § 923(g)(1)(A), not on the United States' new argument regarding § 923(c).

### C. *Availability of Forfeiture for Record-keeping Violations*

 Finally, this Court must consider Claimant's argument that the forfeiture statute upon which the United States bases this action does not permit forfeiture for the misdemeanor recordkeeping violation Claimant allegedly committed. The United States has brought this action pursuant to 18 U.S.C. § 924(d)(1), which allows forfeiture for violations of various subsections of §§ 922, 924, and other sections of that chapter. The United States argues that forfeiture is warranted in this case because Claimant violated § 922(m), which states that "[i]t shall be unlawful for any ... licensed dealer ... knowingly to ... fail to make appropriate entry in ... any record which he is required to keep pursuant to section 923 of this chapter...." Claimant contends that § 924(d)(1) does not permit forfeiture for violations of § 922(m). For purposes of this argument, Claimant does not deny that he violated § 922(m) by failing to comply with the recordkeeping requirements of § 923(g)(1)(A).

The Court rejects Claimant's argument. The language of § 924(d)(1) clearly permits forfeiture for violations of § 922(m). Section 924(d)(1) provides that "[a]ny firearm ... involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922 ... or knowing violation of section 924, or willful violation of any other provision of this chapter ... shall be subject to seizure and forfeiture." Under this provision, the United States may obtain forfeiture for "knowing" violations of the enumerated subsections and for "willful" violations "of any other provision of this chapter." Section 922(m) is clearly another "provision of this chapter." Therefore, the United States may obtain forfeiture for "willful" violations of § 922(m).

Claimant has not submitted any evidence—nor did he even argue—that he did not commit a "willful" violation of § 922(m). Therefore, he has failed to raise a genuine issue of material fact as to whether forfeiture is appropriate under § 924(d)(1).[5]

Instead, Claimant relies instead solely on the futile argument that § 922(m) is exempted from the scope of § 924(d)(1). In support of this argument, he has cited legislative history purporting to show that, when Congress enacted the current version of § 924 in the Firearms Owners' Protection Act ("FOPA") of 1986, it intended to narrow the government's power to obtain forfeiture of firearms. *See* Response, at 6–7 (and legislative history cited therein). Claimant argues that the Act limited forfeitures "to firearms used or involved in only willful violations, thus clearly exempting misdemeanor recordkeeping violations." *Id.* However, in making this argument, Claimant apparently fails to recognize that it is possible for there to be a "willful" violation of a misdemeanor recordkeeping requirement. As described above, Claimant is correct that a violation of § 922(m) may only lead to forfeiture under § 924(d)(1) if the violation of § 922(m) is "willful." However, nothing that Claimant has pointed to, or that the Court has found on its own, in the statute exempts § 922(m) from the scope of § 924(d)(1) simply because it establishes a misdemeanor, rather than a felony, offense.

Claimant cites legislative history for the 1986 FOPA, which he claims limited firearms

---

5. The United States has met its summary judgment burden of showing that Claimant committed a willful violation of § 922(m). According to the legislative report submitted by the United States,

> For purposes of 18 U.S.C. § 924(a) [which distinguishes "knowing" and "willful" violations as used in § 924(d) ], the Committee intends 'willful' conduct to cover situations where the offender has actual cognizance of all facts necessary to constitute the offense, but not necessarily knowledge of the law.

Senate Report 98–583, at 20, Exhibit B to United States' Reply. The United States has submitted summary judgment evidence showing that, when Claimant obtained his license to become a firearms dealer, ATF Inspector Charles L. Ross explained to him the applicable federal firearms laws, regulations, and recordkeeping requirements and provided him with further explanatory documents. *See* Affidavit of Charles L. Ross, Exhibit C to United States' Reply. This evidence satisfies the United States' summary judgment burden of showing that Claimant was cognizant of the federal firearms recordkeeping requirements and thus that any failure to comply with those requirements was, for purposes of the forfeiture statute, willful.

forfeitures to felony violations. *See* Response, at 7–8 (quoting House Report 99–495, at 1354). However, Claimant has not cited any specific statutory provision which establishes such a limitation. In its Reply, the United States explains why no such statutory provision can be located: the House Report which Claimant cites relates to a draft of the FOPA which was never enacted; in fact, according to the United States, this version of the bill was not even adopted by the House of Representatives. *See* Reply, at 9–11.

For these reasons, the Court rejects Claimant's argument that 18 U.S.C. § 924(d)(1) does not permit forfeiture for violations of § 922(m). It permits forfeiture for willful violations of § 922(m), and Claimant has failed to raise any genuine issue of material fact as to whether he committed a willful violation of § 922(m).

## IV. *CONCLUSION*

For the foregoing reasons, the Court concludes that none of Claimant's arguments in opposition to the United States' Motion for Summary Judgment has merit. It is therefore

**ORDERED** that the United States' Motion for Summary Judgment [Doc. # 9] is **GRANTED.** It is further

**ORDERED** that Claimant Raza Husain's Motion to Dismiss the Complaint for Lack of Jurisdiction over the Subject Matter [Doc. # 12] is **DENIED.**