**UNITED STATES of America,**
**Plaintiff,**

v.

**ASSORTED FIREARMS (John Mowatt, Claimant),**
**Defendant.**

No. Civ. AMD 01–3701.

United States District Court, D. Maryland.

Filed: April 29, 2002.

Thomas M. DiBiagio, Richard C. Kay, Office of the United States Attorney, Baltimore, MD, for Plaintiff.

Timothy F. Maloney, Jillian Anderson Carey, Joseph Greenwald and Laake PA, Greenbelt, MD, for Defendant.

## MEMORANDUM

DAVIS, District Judge.

This is a forfeiture action instituted by the United States pursuant to 18 U.S.C. § 983(a)(3)(A). The sole claimant is the alleged owner of the firearms, John Mowatt. Now pending are the parties' cross motions for summary judgment. Discovery has been completed and no hearing is needed. Local R. 105.6. For the reasons explained below, summary judgment shall be granted in favor of the United States.

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material for purposes of summary judgment, if when applied to the substantive law, it affects the outcome of the litigation. *Id.* at 248, 106 S.Ct. 2505. Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir.1991). Of course, the facts, as well as justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indust. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court, however, has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to

trial. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987).

■ There is no genuine dispute of material fact in this case. Mowatt concedes that at the time the firearms were seized from him on June 9, 2000, he was a prohibited person under federal law. Nor is there any dispute of fact that Mowatt possessed the firearms knowingly. Nor is there a dispute of fact that the firearms have the requisite nexus with interstate commerce. Thus, the propriety of the government's decision to forfeit the firearms is, *prima facie,* indisputable.

■ Mowatt advances three arguments in an effort to avoid the forfeiture. First, he contends that the complaint for judicial forfeiture is time-barred. The predicate for this argument is his contention that, under 18 U.S.C. § 924(d)(1), judicial forfeiture proceedings must be instituted within 120 days of the seizure giving rise to the forfeiture proceedings, and that the period of limitations is not tolled by an antecedent administrative forfeiture proceeding. *See United States v. Fourteen Firearms,* 889 F.Supp. 875 (E.D.Va.1995). I agree with the government, however, that the better reasoned interpretation of the statutory 120 day period of limitations is that administrative forfeiture proceedings satisfies the statute and that, where such administrative proceedings are timely instituted, a subsequent judicial action need not be instituted within 120 days of the seizure. *See United States v. Sixty Firearms,* 186 F.Supp.2d 538 (M.D.Pa. 2002); *United States v. Miscellaneous Firearms, Explosives, Destructive Devices and Ammunition,* 150 F.Supp.2d 988 (C.D.Ill.2001); *United States v. Twelve Firearms,* 16 F.Supp.2d 738 (S.D.Tex. 1998). Accordingly, the government's complaint is not time-barred.

■ Mowatt next makes two contentions that have as their predicate the fact that the seizure of the firearms on June 9, 2000, occurred *after* the effective date of his state court conviction which rendered him a prohibited person, but *before* a re-sentencing in his criminal case. In consequence of the re-sentencing, Mowatt was granted a conditional discharge, i.e., "probation before judgment," the effect of which is to restore his right lawfully to possess firearms under state and federal law. Thus, Mowatt contends that the firearms which are the subject of these proceedings should have been returned to him after he was resentenced (and therefore, no administrative or judicial forfeiture claim lies at all). In addition, Mowatt contends that the effect of his probation before judgment is to return him to the status he enjoyed prior to his conviction, i.e., he should be regarded as if he *never had been convicted.* I agree with the government, however, that this result is prohibited by the reasoning of *United States v. Kahoe,* 134 F.3d 1230 (4th Cir.1998) (conviction under 18 U.S.C. § 922(g)(1), possession of firearm by convicted felon, may not be vacated under 28 U.S.C. § 2255 simply because the underlying felony conviction was vacated subsequent to the conviction under 18 U.S.C. § 922(g)(1)). Because Mowatt was a prohibited person on the date of the seizure of the firearms, June 9, 2000, his successful effort, at his re-sentencing, to have the conviction wiped from his record has no effect upon the lawfulness of the seizure or the forfeiture of the firearms seized during the period he was, indisputably, a prohibited person.

For all of these reasons, the government is entitled to judgment as a matter of law. An order follows.

### ORDER

In accordance with the foregoing Memorandum, it is this 29th day of April, 2002,

by the United States District Court for the District of Maryland, ORDERED

(1) That the plaintiff's motion for summary judgment is GRANTED and claimant's motion for summary judgment is DENIED; and it is further ORDERED

(2) That JUDGMENT IS ENTERED IN FAVOR OF PLAINTIFF AGAINST CLAIMANT AND THE PROPERTY IS ORDERED FORFEITED TO THE UNITED STATES; and it is further ORDERED

(3) That the Clerk shall CLOSE THIS CASE and TRANSMIT copies of this Order and the foregoing Memorandum to the attorneys of record.