**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

JOHN RAYMOND MOWATT,
　　　　　　*Claimant-Appellant,*

and

ASSORTED FIREARMS (Mowatt),
　　　　　　*Defendant.*

⎫
⎪
⎬  No. 02-1600
⎪
⎭

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Andre M. Davis, District Judge.
(CA-01-3701)

Submitted: May 8, 2003

Decided: August 18, 2003

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy F. Maloney, Jillian Anderson Carey, JOSEPH, GREEN-
WALD & LAAKE, P.A., Greenbelt, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, Richard C. Kay, Assis-
tant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John Raymond Mowatt appeals the district court's orders granting the Government's motion for summary judgment and ordering that his firearms and ammunition be forfeited to the United States and denying his motion for reconsideration. We have reviewed the record and find no reversible error. We address in detail only Mowatt's argument that he was not a prohibited person within the meaning of 18 U.S.C.A. §§ 921(a)(20) and 922(g) (West 2000) because his state conviction did not result in the loss of his civil rights. As to all other issues, we affirm on the reasoning of the district court. *See United States v. Mowatt*, No. CA-01-3701 (D. Md. Apr. 29, 2002; May 24, 2002); *see also United States v. Ninety-three (93) Firearms*, 330 F.3d 414, 423 (6th Cir. 2003) (concluding that § 924(d)(1) "does not mandate that judicial actions be brought within 120 days of the seizure, as long as an administrative proceeding has been brought within that timeframe").

Section 922(g)(1) prohibits the possession of firearms by persons convicted of a "crime punishable by imprisonment for a term exceeding one year." Section 921(a)(20) states that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." Mowatt contends that his Maryland conviction did not result in the loss of his civil rights and thus should be regarded as functionally equivalent to a conviction for which his civil rights have been restored. Mowatt therefore argues that he falls within the exception set forth in section 921(a)(20), such that he is not a prohibited person within the meaning of section 922(g). We disagree.

Although the conviction at issue did not result in the loss of Mowatt's civil rights, Maryland law still prohibited him from possessing a firearm. *See* Md. Code Ann., Art. 27 § 445(d)(1)(iii) (prohibiting possession of a regulated firearm by a person convicted of "[a]ny violation classified as a misdemeanor in this State that carries a statutory penalty of more than 2 years").[1] Even if Mowatt were correct in his assertion that a conviction for which he never lost his civil rights is the equivalent of a conviction as to which his civil rights were restored,[2] such a "restoration" would be subject to section 445's express prohibition against Mowatt's possession of certain firearms, thus taking Mowatt's case outside the exception set forth in section 921(a)(20). *See Caron v. United States*, 524 U.S. 308, 314-15 (1998) (concluding that if state law places any restrictions on a defendant's ability to possess a firearm, then his previous conviction falls within the definition of 18 U.S.C.A. § 921(a)(20), even if the defendant's civil rights have otherwise been restored and state law permitted the defendant to possess the firearms at issue). The district court, therefore, properly concluded that the firearms in Mowatt's possession were subject to forfeiture.

We deny the Virginia Shooting Sports Association, Inc.'s motion for leave to file an amicus curiae brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[1]This statute was recently repealed and recodified (with no differences relevant to this case) within the Maryland Code's new Public Safety Article. *See* 2003 Md. Laws Ch. 5, § 2.

[2]We note that a divided panel of this court has rejected a similar argument made as to a South Carolina conviction. *See United States v. Jennings*, 323 F.3d 263 (4th Cir. 2003), *petition for cert. filed*, No. 03-5380 (July 2, 2003).